David Allegrucci (#12611)
*Allegrucci Law Office, PLLC*
307 North Miller Road
Buckeye, AZ 85326
PH (623)412-2330
FAX (623)878-9807
Attorney for Debtor(s)-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>HAROLD KLINGER,<br>and<br>PENNY Y. KLINGER,<br><br>Debtor(s)-in-Possession. | Case No.: 2-10-bk-17779-RJH<br>In Proceedings Under Chapter 11<br><br>**CHAPTER 11 PLAN OF REORGANIZATION** |

Dated: September 21, 2010
Filed by: Harold and Penny Klinger

DEBTOR(S) IN POSSESSION

The Debtor(s)-in-Possession named above, pursuant to United States Code, Title 11, Section 1121, file this Chapter 11 Plan of Reorganization.

Article I

Definitions

The following terms, when used in this Chapter Eleven Plan of Reorganization shall have the following meanings:

1.01 "Administrative Claimant". Any person entitled to payment under 11 U.S.C. § 507(A)(1);

1.02 "Bankruptcy Proceeding". That certain proceeding under Chapter 11 of Title 11, United States Code, captioned David E. Deeds, case no. 2-10-bk-17779-RJH, now pending in the United States Bankruptcy Court for the District of Arizona, Phoenix Division;

1.03 "Confirmation". The entry of an Order by the Court confirming the Plan, as provided in United States Code, Title 11, § 1129, and the expiration of any appeal period applicable with no appeal having been filed;

1.04 "Court". The United States Bankruptcy Court for the District of Arizona, Phoenix Division, presiding over this Bankruptcy proceeding;

1.05 "Debtor" or "Debtor-in-Possession" means Harold and Penny Klinger as they reorganize in this bankruptcy proceeding;

1.06 "Effective Date". Means the latter of (1) the first business day following eleven judicial days after entry of the Order of the Court confirming the Plan or (2) thirty-one judicial days subsequent to the entry of a final order of the Court of competent jurisdiction vacating or nullifying any Order staying the efficacy of the Order of Confirmation, provided, however, that in any event, all appeals shall have been resolved prior to there being any effective date;

1.07 "Plan". This Plan of Reorganization;

1.08 "Plan Distribution Date". Date upon which distributions to be made under the Plan will be effected. Said date will be thirty (30) days following the effective date of this Plan;

1.09 "The Klingers" shall mean the interests and obligations of the Debtor(s)-in-Possession.

Article II

Classification of Claims and Interests; Impairment.

2.01 For the purpose of this plan, the claims and interests in and against the Debtor(s)-in-Possession are classified as follows:

CLASS I – Holders of claims entitled to priority under 11 U.S.C. § 507(A)(1), including costs and expenses of administration.

CLASS II – This class consists of the secured claim of the *Maricopa County Treasurer*.

CLASS III – This class consists of the impaired secured claims of *Bank of America*, *Chase Home Mortgage,* and *GMAC*.

CLASS IV – This class consists of the general unsecured claims.

CLASS V – This class consists of the equity interest of the Debtor(s).

2.02 Classes I, II, and V are unimpaired under the Plan. All remaining classes are impaired.

Article III

Treatment of Claims

3.01 The treatment of each class of creditors in this proceeding is as follows:

**CLASS I** – Unimpaired administrative claims for the administration of this bankruptcy estate.

1(A). U.S. Trustee Quarterly Fees.

This class also includes all pre-confirmation quarterly fees due the United States Trustee. The aforementioned fees shall be timely paid by the Effective Date.

The debtor(s)-in-possession shall ensure that all quarterly fees due the United States Trustee and imposed by 28 U.S.C.§1930(a)(6) will be paid in a timely fashion through the date this case is dismissed, converted, or officially closed. The debtor(s) as reorganized, shall timely complete and file quarterly reports in a form acceptable to the United States Trustee with the Court and provide copies thereof to the United States Trustee until entry of a final decree closing this proceeding.

**CLASS II** – (A) The secured claim of the *Maricopa County Treasurer.*

| | |
|---|---|
| Creditor: | *Maricopa County Treasurer* |
| Nature of debt: | Statutory first lien position |
| Collateral: | Homestead |
| Amount due: | $5,580.79 |
| Treatment: | Paid in full at the statutory rate of interest of 16% in 36 equal monthly payments beginning on the Plan Distribution Date. |

**CLASS III** – <u>Impaired Secured Claims</u>
(A)

| | |
|---|---|
| Creditor: | *Bank of America* |
| Nature of debt: | First deed of trust holder |
| Collateral: | Homestead |
| Amount due: | $1,688,484.00 |
| Treatment: | Paid pursuant to the "Consent Order" attached to the Disclosure Statement. More specifically: |

Within said "Consent Order":

| Page | Paragraph | Treatment |
|---|---|---|
| 17 | 4.3(b)(ii)(B)<br>4.3(b)(ii)(C) | ten-year interest only period on the loan. Current loan interest rate floor is 3.125%. The actual interest rate floor, with the 7% cap, will be the rate used for this ten year period. |
| 18 | 4.3(b)(ii)(D) | reduction of the loan principal to 95% of the Klingers' home valuation. This relief would reduce the principal balance due B of A to $921,500.00. |

The foregoing modification of the loan with *Bank of America* results in a fluctuating monthly payment currently in the amount of $2,416.76.

(B)

| | |
|---|---|
| Creditor: | *Chase Home Mortgage* |
| Nature of debt: | Second deed of trust holder |
| Collateral: | Homestead |
| Amount due: | $249,942.48 |
| Treatment: | Second deed of trust to be removed pursuant to an adversary action filed with the bankruptcy court. Resulting claim to be treated and paid as a general unsecured claim pursuant to Class IV below. |

(C)

| | |
|---|---|
| Creditor: | GMAC |
| Nature of Debt: | Purchase money security interest |
| Collateral: | *Cadillac Escalade* |
| Amount due: | $12,615.21 |
| Treatment: | Creditor to paid the current fair market of its vehicle, $10,000 at the contract rate of 4.9% interest, in equal monthly installments of $299.96 for 36 months beginning July 1, 2010. |

**CLASS IV** – Class IV will consist of all other claims not specifically set forth above. Class IV claims will be treated and paid *pro rata*, as general unsecured creditors. Class IV will receive *pro rata* of their share of the total sum of $25,000.00. The aforesaid sum shall be paid by the Klingers, in full, within forty-eight (48) months of the Plan Distribution Date.

**CLASS V** – The Debtor(s)-in-Possession will retain their equity interests in all Property owned by them, upon completion of all payments to classes Three (III) and Four (IV), as set forth above.

3.02 The equity interests of the Debtor(s) cannot be retained unless one class of impaired creditors accept the proposed Plan of Reorganization. 11 U.S.C. § 1129(a)(10). The equity interests of the Debtor(s) also cannot be retained over the objection of a senior class of impaired creditors unless his "new value contribution" exceeds that of any competing purchase offer for his equity interest or from a competing reorganization plan. *In re 203 North La Salle Street Partnership*, 119 S.Ct. 1411, 1422 (1999)

The right of Class Three (III) and Four (IV) claimants, to bid higher for the Debtor(s)' equity interest than the amount proposed to be paid to said claimants, as

well as the ability to file an alternate plan of reorganization, is expressly recognized by this proposed plan of reorganization.

## Article IV

## Method of Execution of the Plan

4.01 Source of Payments – Payments under this Plan of Reorganization shall be obtained from the future voluntary payments of the Debtor-in-Possession(s).

4.02 The Klingers are not admitting that their future income is property of this bankruptcy estate for the reasons set forth within §VIII(a), pg. XI, of their Disclosure Statement the argument of which is incorporated herein by reference.

4.03 Retention of Property – Upon confirmation, all property of this Chapter 11 estate will vest in and be retained by the Debtor-in-Possession subject to the payments set forth in Article III.

## Article V

## Retention of Jurisdiction

This court shall retain jurisdiction over the Debtor(s)-in-Possession's property, and all claimants provided for in this Plan of Reorganization for the purposes of implementing and consummating the Plan. Such retention includes the right to object to proof of claims filed in this proceeding.

## Article VI

## Retention of Lien Rights

Subject to the reorganized Debtor-in-Possession(s)' right to substitute collateral and the sale of collateral, any remaining secured creditor will retain their security interest(s) in their collateral to the extent of each such creditor's allowed claim.

Article VII

No Waiver of Plan Terms

The failure of the Debtor(s)-in-Possession to enforce any term of this Plan shall not be deemed to constitute a waiver thereof. To be effective, any such waiver shall be in writing by both debtors.

Article VIII

Severability

The terms of this Plan are severable such that in the event any provision thereof is found to be invalid for whatever reason, the remaining terms shall remain and shall be fully enforceable according to their terms.

Article IX

Discharge

Pursuant to § 1141(D)(1) of the Bankruptcy Code, upon confirmation of the Plan, the Debtor(s)-in-Possession will be discharged of all debts listed in the schedules to the extent payment is not specifically provided for under the Plan.

Article X

No Admissions

Nothing contained in this Plan shall constitute an admission of fact or law by the Debtor(s)-in-Possession and shall not be admissible in any proceeding for purposes of proving the validity or the invalidity of any claims or defenses which may in any way affect or benefit the Debtor(s)-in-Possession. The Debtor(s)-in-Possession may withdraw the Plan at any time prior to confirmation and upon doing so, nothing contained therein shall be deemed to preclude the litigation of any issue nor shall the

Debtor(s)-in-Possession be collaterally estopped from asserting any right or claim that may be in the Debtor(s)-in-Possession's best interests.

Article XI

Representations

No representations concerning the Debtor(s)-in-Possession are authorized by the Debtor(s)-in-Possession other than as set forth in this plan of reorganization. Any representations or inducements made to secure acceptance, other than those contained in this plan of reorganization, should not be relied upon in arriving at a decision, and such representation and inducements shall be reported to counsel for the Debtor(s)-in-Possession, who in turn will deliver such information to the Bankruptcy Court for such action as may be deemed appropriate.

The foregoing proposed Plan of Reorganization is respectfully submitted this 21st day of September, 2010.

/s/ Harold Klinger
Debtor-in-Possession

/s/ Penny Y. Klinger
Debtor-in-Possession

/s/ David Allegrucci
Attorney for the Debtor(s)-in-Possession